j, DUFRESNE, Judge.
This is an appeal by Loretta Credo San-tistevan, plaintiff-appellant, from a judgment dismissing her claim pursuant to La. Civ.Code Art. 121 for contributions made to her ex-husband Alfredo’s education and training during the marriage. Because we find no abuse of discretion in the trial judge’s determination that such an award is not warranted on the facts of this case, we affirm that judgment.
The following facts appear of record or were stipulated to by the parties. They were married in 1975, the community terminated on December 9, 1993, and a final judgment of divorce was signed on February 22, 1994. On December 31, 1986, Alfredo was in an automobile accident that disabled him from work during 1987 and 1988. In 1988, Alfredo settled the lawsuit arising out of that accident for $155,000. He began a construction company in 1988, but it was unsuccessful and he had no other income during 1988, 1989 and 1990. In 1990 he began classes at SUNO, and in December of 1992 received an associate degree in substance | gabuse counseling. It appears that he also attended SUNO during 1993, the last year of the marriage. In May of 1996, over two years after the divorce, he received his BS degree in substance abuse counseling. He is now a state certified substance abuse and compulsive gambling counselor and an internationally certified alcohol and drug abuse counselor.
The pertinent earnings records of the spouses are as follows:
Alfredo Loretta
1984 $15,266 $10,688
1985 $15,865 $17,075
1986 $7,312 $17,125
1987 $0 $15,742
1988 $0 $21,560
1989 ($1,611) $24,125
1990 $0 $25,332
1991 $6,453 $29,908
1992 $13,179 $29,248
1993 $10,999 $33,374
There are no earnings figures for Alfredo in 1994 and 1995, but since 1996, the year he received his bachelor’s degree, his earnings have been a little over $25,000 per year.
Alfredo’s tuition was paid by the Louisiana Department of Vocational Rehabilitation, but he also made student loans of $11,122 during the marriage. Loretta had student loans during this period of $5,355. The spouses assumed their own loans when the community property settlement was made.
|sOn the above facts, the trial judge determined that no award for contributions made by the wife for the educational expenses of the husband was warranted. The wife now appeals that judgment.
The applicable law here is found in La. Civ.Code Art. 121, which provides that a court may award a party to a divorce a sum for that spouse’s financial contributions made for the education or training of the other spouse. Because the article leaves to the trial judge the discretion to make or deny such an award, the standard of review in this court is whether he abused his discretion in making this determination, see Barrow v. Barrow, 27,-714 (La.App. 2nd Cir.2/28/96), 669 So.2d 622, writs denied, 96-1057 and 96-1072 *81 (La.6/21/96), 675 So.2d 1080. The underlying facts upon which that decision is made, however, are subject to the manifest error standard, Shewbridge v. Shewbridge, 31,-170 (La.App. 2nd Cir.10/28/98), 720 So.2d 780.
The above cases also set forth the same list of factors to be considered in making the ultimate determination of whether an award is to be made. These are: (1) the claimant’s expectation of shared benefit when the contributions were made; (2) the degree of detriment suffered by the claimant in making the contributions; and (3) the magnitude of the benefit received by the other spouse.
In his reasons for judgment the trial judge stated his factual findings as they related to each of the above factors. He noted' that Alfredo’s tuition was paid by the state because of his disability and thus only his normal living expenses were paid for by the community. Implicit in the state’s disability determination was the clear inference that Alfredo was not earning income not because he was in school, but rather because he was ^disabled from his prior occupation. He also noted that in addition to Loretta’s salary, Alfredo’s student loans (which he ultimately assumed) and the $155,000 settlement were also available for normal expenses. Loretta alleged that the settlement money was wasted on drugs and gambling, but the judge found that at least $50,000 of that amount was used for family expenses. He also found that as a result of his degree Alfredo was not earning appreciably more than he was prior to his accident.
The trial judge then looked to the three factors of the analysis. He acknowledged that because of Alfredo’s drug and gambling problems, Loretta may well have had reasonable expectations of sharing in the benefits of her spouse’s education. As to the degree of detriment suffered by Loretta because of contributions to the education of her spouse, he pointed out that Alfredo was not able to work diming most of this period anyway, whether in school or not. He also pointed out that the student loans and at least $50,000 of the settlement money was available for expenses. He finally noted that Alfredo also babysat while Loretta was at work, thus avoiding childcare expenses. His ultimate conclusion was that Loretta had not suffered any significant financial detriment because Alfredo was attending school.
As to the third consideration, the trial judge found that Alfredo was not earning significantly more money after receiving his degree than he was before his accident. We further point out that when the community terminated, Alfredo had only earned a two-year associate degree, and not the bachelor’s degree and certifications upon which his 1996 salary was predicated.
| ¡^Considering the record in its entirety, we find neither manifest factual errors nor any abuse of discretion in the judgment of the trial judge. We therefore affirm that judgment.

AFFIRMED.